## Zell *versus* Ream.

To maintain trespass for an entry on plaintiff's real estate, he must show that he had an actual, peaceable possession of the premises, and that it was obtained in a fair and legal manner.

ERROR to the Common Pleas of *Lancaster county.*

This was an action of trespass *quare clausum fregit*, by Aaron Zell against John Ream.

Henry Strickler, by his last will, proved on the 3d June 1830, devised a house and five lots of ground in the town of Mount Joy, to his daughter, Esther Moyer, during life; and after her death to be the property of her children, and their heirs and assigns.

In 1845, Henry Zell, a son-in-law of Esther Moyer, leased from her a part of the premises, during her lifetime, at an annual ground-rent of $5, and erected thereon a dwelling-house and stable.

On the 22d November 1852, Henry Zell, by articles of agreement, sold his interest in the premises to Aaron Zell. They were

[Zell v. Ream.]

subsequently sold by the sheriff under proceedings on a judgment obtained against Henry Zell, in favour of John Ream, on the 3d January 1853, and purchased by Ream; who, on the 20th or 25th November 1856, was put in possession thereof, by the deputy sheriff, in pursuance of proceedings had by him, before two justices, as a purchaser at sheriff's sale, under the Act of 1836.

A few days afterwards, Aaron Zell, the plaintiff, was found in possession of the premises, and was expelled by Ream; and for this expulsion the present action was brought. In what manner the plaintiff obtained the possession did not appear on the trial.

The court below (LONG, P. J.) charged the jury that "if John Ream had the possession which was given to him by the sheriff, at the time the alleged trespass was committed, the verdict should be in his favour; but if Aaron Zell obtained the possession in a proper and fair manner, not by indirect means, by force or fraud, or by entering the possession in the absence of John Ream, and against his consent, or without his permission, then he can sustain this action."

To this charge the plaintiff excepted; and a verdict and judgment having been rendered for the defendant, the plaintiff sued out this writ, and here assigned such charge (*inter alia*) for error.

*Ellmaker*, for the plaintiff in error.

*Patterson* and *A. H. Smith*, for the defendant in error.

The opinion of the court was delivered by

PORTER, J.—This is not a question of the relative strength of opposing titles. Possibly the agreement between the Zells was intended to hinder creditors, and therefore worthless as a conveyance; but if the facts were directly the reverse, the decision in this case would be the same. By due course of law, the defendant, as the sheriff's vendee, was placed in possession of the premises by virtue of a proceeding before two justices, of which the plaintiff had notice, and in which he so far took part as to appear and make certain statements to the tribunal. In a few days afterwards, the plaintiff seems to have been found in the house, but when or how he entered is a mystery which this record does not clear up. If he obtained possession by artifice or violence, and the defendant, on coming to a knowledge of the fact, trundled him into the highway, the plaintiff, whatever other remedy he might enforce, could not maintain trespass, for his possession was not rightful but wrongful, and in the eye of the law, no possession at all. If, on the other hand, said the court below, he "obtained the possession in a proper and fair manner, not by indirect means, by force or fraud, or by entering the possession in the absence of John Ream, and against his consent, or without his permission,

then he can sustain this action." This was putting the case to the jury as fairly as the plaintiff could have asked, and as fully as the law required. Neither in this, nor in anything else which the court said or did on the trial, do we find an error.

Judgment affirmed.